Angela **KHOROZIAN**, et al., Plaintiffs,

v.

Burton V. **McCULLOUGH, Esq.,**
et al., Defendants.

No. Civ.A. 97–5418(KSH).

United States District Court,
D. New Jersey.

April 7, 1999.

Glenn Andrew Bergenfield, Princeton, NJ, for plaintiffs.

Patricia A. Brennan, Wilson, Elser, Moskowitz, Edelman, & Dicker, LLP, Newark, NJ, for defendants.

### *ORDER*

HAYDEN, District Judge.

This Court having referred defendants' motion to dismiss the Complaint and plaintiffs' cross-motion to extend the time to effect service, to the Honorable Ronald J. Hedges, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B); and the Court having considered plaintiffs' objections to the March 8, 1999 Report and Recommendation of Magistrate Judge Hedges; and the Court having reviewed *de novo* the Report and Recommendation; and good cause appearing;

**ORDERED** that the motion of defendants to dismiss the Complaint pursuant to Rule 12(b)(2) is **granted;** and it is further

**ORDERED** that the cross-motion of plaintiffs to extend the time to effect service is **denied;** and it is further

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge is adopted and incorporated as the Opinion of this Court.

### REPORT AND RECOMMENDATION

HEDGES, United States Magistrate Judge.

#### *INTRODUCTION*

Defendants have moved to dismiss the Complaint. Plaintiffs have cross-moved to extend the time to effect service. The motions were referred to me by Judge Hayden. There was no oral argument. Rule 78.

#### *STATEMENT OF FACTS*

The plaintiffs here Angela Khorozian, Varoujan Khorozian and Khoroz Imports, Inc., had been named as defendants in a civil action instituted against them in the Superior Court of New Jersey by National Community Bank. The plaintiffs here retained the defendant here, Burton V. McCullough, Esq. ("McCullough"), to represent them in the Superior Court action. McCullough is a Cal-

ifornia attorney who was admitted *pro hac vice* in the Superior Court. A jury verdict was returned in favor of National Community Bank on or about November 7, 1991.

Angela Khorozian Varoujan Khorozian and Khoroz Imports, Inc., commenced the civil action *sub judice* with the filing of the Complaint on November 3, 1997, seeking damages arising out of McCullough's alleged legal malpractice in defending the Khorozians and Khoroz Imports in the Superior Court action. The civil action was assigned to Judge Hayden and myself.

As plaintiffs acknowledge in their brief in support of the cross-motion, I telephoned their attorney in March of 1998. I did so at or about expiration of the time for service of process prescribed by Rule 4(m). At the time of my telephone call, a review of the docket sheet demonstrated that service had not been effected on either defendant. This telephone call is a regular practice on my part and is intended to allow me to determine whether an Order to Show Cause should issue or whether a complaint might be voluntarily dismissed. Here, Judge Hayden dismissed the Complaint on March 26, 1998. On April 22, 1998, plaintiffs submitted a return of service. The dismissal order was vacated and this civil action was reopened on April 23, 1998. A default was entered against both defendants on April 24, 1998.

Two defendants are named in the Complaint: McCullough and the Law Offices of Burton V. McCullough ("the Law Offices"). Whether these are separate legal entities is a question. In Paragraph 5 of the Complaint, McCullough is alleged to practice law under the name of the Law Offices. McCullough is also alleged to be "an employee, shareholder or partner" of the Law Offices. Defendants contend that the Law Offices "is not an entity as Mr. McCullough is a solo-practitioner." Brief in Support of Defendants' Motion to Dismiss at 1 n 1. I will treat the defendants as separate legal entities for the purpose of this Report and Recommendation.

Plaintiffs first attempted to effect service on defendants on or about November 11, 1997. On that date, plaintiffs' attorney wrote to McCullough and requested that he waive service of summonses on behalf of both de-

fendants. Exhibit A, Bergenfield Certification dated December 3, 1998. McCullough did not respond to the request. Thereafter, on six occasions between March 9 and March 24, 1998 a process server attempted unsuccessfully to effect personal service on McCullough. Exhibits C and D, Bergenfield Certification dated December 3, 1998. On March 20, 1998, the process server left a summons and copy of the Complaint at the Law Offices with "Kevin Hall, Esq.," who the process server identified as a "partner" of McCullough.[1] Exhibit E. Bergenfield Certification dated December 3, 1998.[2]

On April 22, 1998, plaintiffs requested the entry of default. In support of that request plaintiffs submitted the affidavit of the process server who had served the summons and copy of the Complaint on Hall. A default was entered on April 24, 1998. When the Clerk entered a default on April 24, 1998, be did so against the Law Offices. The Clerk also assessed costs of $150 for "refusal to waive service of process" on that date.

As noted above, plaintiffs made six attempts to serve McCullough personally in March of 1998. Thereafter, plaintiffs continued to attempt to do so. See Paragraphs 9–10, Bergenfield Certification dated December 3, 1998. Personal service was effected on McCullough at his office on October 16, 1998.

This recitation of facts demonstrates that plaintiffs made *no* attempt to effect personal service on McCullough or the Law Offices until *after* the 120–day time for service of process prescribed by Rule 4(m) had expired. Moreover, exactly where the summons came from is unknown.

A review of the docket sheet demonstrates that no summons was ever issued by the Clerk. The summons before the Court (the one served on McCullough on October 16, 1998), bears a date of February 20, 1998, bears the signature of a deputy clerk who was assigned to jury duty at the time, and does *not* have affixed the seal of the Court. Paragraphs 9–10 & Exhibit G. Brennan Certification dated November 20, 1998. The only conclusion which I may draw from this record is the summonses served on both Hall and McCullough were somehow "manufactured" by plaintiffs.

### DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital International v. Rudolf Wolff and Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), (*quoting Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–5, 66 S.Ct. 242, 90 L.Ed. 185 (1946)). "[S]ervice of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." 484 U.S. at 104, 108 S.Ct. 404.[3]

Rule 4(a) prescribes the form of the summons:

The summons shall be signed by the clerk, bear the seal of the court, identify the court and parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notified the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

Rule 4(b) deals with issuance of the summons:

Upon or after filing the complaint, the plaintiff may present a summons to the

---

**1.** The parties dispute whether Hall was associated with McCullough or merely shared office space with him.

**2.** It appears from the Affidavit of Process Server that this represented an attempt to serve the Law Offices.

**3.** "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir.1993).

clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

"The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar,* 99 F.3d 565, 568 (3d Cir.1996).

■ Plaintiffs did not attempt in the first instance to effect personal service. Instead, plaintiffs attempted to secure a waiver of service of the summons. That attempt was rebuffed. Plaintiffs argue that McCullough was "duty-bound" to waive service of a summons.[4]

Rule 4(d)(2) does provide that, "[a]n individual, corporation or association that is subject to service under subdivision (e),(f), or (h) and that receives notice of an action in a manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the party may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons." However, Rule 4(d) contemplates that a defendant may fail to comply with a request to waive service. In that circumstance, "[t]he costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee of any motion required to collect the cost of service." Rule 4(d)(5). In other words, Rule 4(d) contemplates two ways to avoid unnecessary costs of service: Either a defendant waives service or, once served with a summons, the defendant reimburses the plaintiff for its expense in effecting service of the summons.

■ Plaintiffs also point to the fact that McCullough was admitted in the Superior Court action on a *pro hac* basis. Exhibit A, Bergenfield Certification dated December 22, 1998. Plaintiffs make particular reference to New Jersey Court Rule ("R.") 1:21–2(b). That rule provides, in pertinent part, as follows:

> The order granting admission pro hac vice shall require the attorney to: *** (2) consent to the appointment of the Clerk of the Supreme Court as agent upon whom service of process may be made for all actions against the attorney or the attorney's firm that may arise out of the attorney's participation in the matter ***.

*R.* 1:21–2–(b) is of no assistance to plaintiffs here. That State rule establishes a mechanism for service of process on an attorney such as McCullough. However, plaintiffs did not avail themselves of that mechanism.[5] Plaintiffs failed to secure a waiver of service of the summons. Plaintiffs failed to effect service within the time prescribed by Rule 4(m) on McCullough pursuant to Rule 4(e) or upon the Law Offices pursuant to 4(h). Indeed, the purported service on the Law Offices on March 20, 1998 and on McCullough on October 16, 1998 was invalid.[6] In *Ayres,* the Court of Appeals stated:

> The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case.

---

**4.** Plaintiffs cite to McCullough's professional obligation to refrain from knowingly disobeying an obligation under a court rule. Reply Brief in Support of Cross–Motion at 3. Even assuming there is such an obligation in the context of the pending motions, Rule 4(d) does not "require" any litigant to waive service.

**5.** Plaintiffs discuss *R.* 1:21–2(b) in the context of whether this Court may exercise personal jurisdiction over McCullough. Plaintiff's suggest that *R.* 1:21–2(d) somehow "confers" personal jurisdiction. I am unaware of any case law which

supports this contention and plaintiffs have brought none to my attention. In any event, given the allegations of the Complaint *sub judice,* it appears that "specific jurisdiction" would exist over McCullough. *See, e.g., Provident National Bank v. California Federal Savings & Loan Association,* 819 F.2d 434, 437 (3d Cir.1987).

**6.** Plaintiffs acknowledge that, "[s]ervice on Hall is *** invalid. The form of Summons was not consistent with the rule." Brief in Support of Cross–Motion at 6 n. 2.

The parties cannot waive a void summons. A district court must not only have subject matter jurisdiction over the litigation before it, but also personal jurisdiction over the defendants. A court may not go through the sterile exercise of acting in a vacuum to adjudicate a legal dispute. It must have parties as well as a natural controversy. In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction. Notice of a claim is not sufficient. [99 F.3d at 569].

"A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant." 99 F.3d at 569.

Here, we are left with a Complaint which was filed on November 3, 1997, and has not yet been served. Plaintiffs argue that defendants have avoided service and seek an extension of time within which to effect service.

Rule 4(m) provides, in pertinent part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court *** shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir.1995), Rule 4(m) was construed "to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." 46 F.3d at 1305. *Petrucelli* directed the district court to proceed as follows:

First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its disposition decide whether to dismiss the case without prejudice or extend time for service. [46 F.3d at 1305].

Does "good cause" exist on this record? In *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086 (3d Cir. 1995), the Court of Appeals defined "good cause" for Rule 4(m) purposes:

> We have emanated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.' *** Thus, while the prejudice may be 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place. [71 F.3d at 1097 (citation and footnote omitted) ].

Why did plaintiffs not comply with Rule 4(m) in the first place? The record permits only one conclusion: Plaintiffs attempted to secure a waiver of service. Plaintiffs made that attempt eight days after the Complaint has been filed. Thereafter, plaintiffs took no action whatsoever to effect service until March 9, 1998, the first day on which a process server they retained in California visited the Law Offices. In other words, plaintiffs took no steps to effect personal service until after the time within which they were to have done so expired. Good cause does not exist here.

Should this Court, in the exercise of its discretion, dismiss the Complaint without prejudice or extend time for service?[7] Plaintiffs argue that defendants have been "devious in evading service." Plaintiffs ar-

---

7. Plaintiffs rely on *Umbenhauer v. Woog*, 969 F.2d 25 (3d Cir.1992), in support of the argument that this Court should exercise its discretion and extend time for service. In *Umbenhauer*, the Court of Appeals held that dismissal of a complaint for improper service of process was an abuse of the district court's discretion when service was "eminently feasible.". It did so, however, in the context of effecting service in a foreign country. 969 F.2d at 31. There is no time bar for service in a foreign country, although there *is* a time bar for service on defendants here.

gue that defendants received "actual notice of the law suit," that McCullough "evaded 20 attempts to serve him by process servers," and that he misrepresented Hall's status. Plaintiffs also argue that the limitations bar may have fallen. Plaintiffs state: "If the statute—6 years—is measured from the last day of trial of the underlying matter, it has passed. And there is reason to believe that [t]his might be the operative date in computing the statute of limitations in this case." Plaintiffs note, however, that "[i]t may be that the statute runs from the termination of the representation by McCullough in 1993, after the appeal was finished." Brief in Support of Cross–Motion at 9 & n. 3. This is the extent of plaintiffs' discussion of a possible limitations bar. In response, defendants state that,

> "plaintiffs' argument that the statute of limitations may have passed should not excuse their failure of service due to an attempt to serve the defendant with a 'form summons' containing a photocopied signature of an ex-deputy clerk. Nor should it excuse the fact that the plaintiffs did not attempt to serve the defendants until after the 120 day period had expired. Finally, this court should not ignore the fact that to date, more than one year after the filing of the complaint, the defendants still have not been properly served." [Defendants' Brief in Reply at 8].

In *Ayres*, the plaintiff filed a *pro se* complaint. The defendant was her former employer, a law firm and its partners. The plaintiff did not request the issuance of a summons consistent with Rule 4(a). Instead, she had unsigned summonses served on each defendant. The district court dismissed the complaint pursuant to Rule 4(m), concluding that "the plaintiff had provided no excuse for her failure to comply with the Rule relating to service 'other than the fact that she simply did not think the 'technical niceties' of service of process important.'" 99 F.3d at 567. The Court of Appeals concluded that, inasmuch as the summons was a nullity and did not confer personal jurisdiction over the defendants, the complaint should be dismissed under Rule 12(d)(2). The court went on to state: "Thus, under such circumstances, it becomes unnecessary for the district courts

to consider such questions as whether service was properly made, or whether an extension to the 120–service period should be granted under Rule 4(m)." 99 F.3d at 569 (footnote omitted). *Ayres* suggests that a Rule 12(b)(2) dismissal is appropriate here and that this Court should not consider whether to grant an extension of the service period. I so construe *Ayres*.

Assuming that *Ayres* does not compel this conclusion, I am not satisfied that the Court should extend the time for service. Plaintiffs made no attempt to effect personal service in a timely manner. Plaintiffs seize on McCullough's alleged attempts to evade service of process. Had plaintiffs attempted to secure personal service on McCullough in November or December of 1997 they might have succeeded. Indeed, although it took several weeks to do so, plaintiffs did succeed in serving a summons (albeit a void one) on the Law Offices. Moreover, it is incomprehensible how plaintiffs, in the face of *R.* 1:21–2(b), failed to effect service on McCullough by delivery of the summons and copy of the Complaint on the Clerk of the New Jersey Supreme Court. That clerk was plainly an "agent authorized by *** law to receive service of process" within the meaning of Rule 4(e)(2).

## *CONCLUSION*

For the reasons set forth above, I recommend that the motion of defendants to dismiss the Complaint pursuant to Rule 12(b)(2) be GRANTED. I also recommend that the cross-motion of plaintiffs to extend the time to effect service be DENIED.

Pursuant to the Local Civil Rules of this Court, the parties have ten (10) days from service of this Report and Recommendation to file and serve objections.