

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-1996

# Ayres v. Jacobs & Crumplar PA

Precedential or Non-Precedential:

Docket 95-7676

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Ayres v. Jacobs & Crumplar PA" (1996). *1996 Decisions.* Paper 21.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/21

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 95-7676
_____

CAROLINE P. AYRES,
                    Plaintiff-Appellant,

v.

JACOBS & CRUMPLAR, P.A.; ROBERT JACOBS, individually and as an
agent/senior partner; THOMAS C. CRUMPLAR, individually and as an
agent/senior partner; DOUGLAS B. CANFIELD, individually and as an
                    agent/senior partner,
                              Defendants-Appellees.
_____

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 94-cv-00658
_____

Submitted Under Third Circuit LAR 34.1(a) September 20, 1996

Before:  Nygaard, Roth, and Rosenn, Circuit Judges

Filed  November 1, 1996
_____

Caroline P. Ayres-Fountain, Pro Se
503 West Ninth Street
P.O. Box 85
Wilmington, DE  19899


Thomas S. Neuberger, P.A.
Thomas Stephen Neuberger, Esq.
200 West Ninth Street
Suite 702
Wilmington, DE  19801
Counsel for Appellees


_____


OPINION OF THE COURT
_____

Rosenn, Circuit Judge.

        This appeal presents basic but serious questions
pertaining to essential procedures to obtain personal
jurisdiction over defendants in a civil action filed in a federal

district court. The issues raised not only pertain to the sufficiency of the process to obtain personal jurisdiction but also to the effective service of process. The United States District Court for the District of Delaware dismissed the complaint and directed the Clerk to enter judgment for the defendants. The plaintiff timely appealed. We affirm.

                                I.
        Caroline P. Ayres, the plaintiff, has been a licensed Delaware attorney since 1984. Jacobs & Crumplar, P.A., a Wilmington, Delaware law firm, employed her as an associate from December 1988 until August 1993 when they terminated her. On December 7, 1994, the plaintiff filed a complaint pro se, challenging the termination of her employment by the defendants, Jacobs & Crumplar, and its individual partners. She did not request the Clerk of the Court to issue a signed summons with a seal of the court affixed thereto, but she obtained copies of summonses, filled in the name and address of defendants, and on December 29, 1994, she had a process server agency serve the complaints and the unsigned summons on each of the defendants. Service was accomplished by the process server by leaving the documents with the office manager, Donna Dobbs, of Jacobs & Crumplar. The plaintiff duly filed proofs of service.
        On January 18, 1995, the defendants filed their answer and moved to dismiss under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 12(b)(4) and (5). The court initially denied the motion because the defendants failed to support it with a brief as required by the Local Rules. The parties then proceeded with discovery. On July 31, 1995 (within the September 12, 1995 deadline fixed by the court for depositive motions), the defendants renewed their motion to dismiss, this time filing a supporting brief as required by the Local Rules. The court stayed discovery and granted the defendants' motion to dismiss.
        In their motion, the defendants move to dismiss on two separate and distinct grounds. First, they claim a deficiency in process due to the plaintiff's failure to obtain the Clerk's signature on the summonses and to have the seal of the court affixed. Second, they maintain that the office manager at Jacobs & Crumplar had no authority to accept service on behalf of a professional association or the individuals and the service, therefore, was defective. The district court concluded that the plaintiff had provided no excuse for her failure to comply with the Rule relating to service "other than the fact that she simply did not think the `technical niceties' of service of process important." The court found that "such disregard for the Rules is inexcusable. Under the circumstances, the court can find no justification for permitting an amendment to the summons or for extending the deadline for service." The court further found that the defendants had not waived their service and process defenses and dismissed the action. The plaintiff timely appealed.

                                II.
        On appeal, the plaintiff reiterates the arguments she

submitted to the district court. In substance, she contends that the court erred in not finding that the defendants had waived all claims to failed process and that she had made a good faith effort to serve the defendants. She asserts that she had effectuated valid service on the individual defendants by serving them "at their usual place of abode, their law firm," and that the court erred in not finding that service upon the professional association was perfected by serving its office manager. She further contends that the district court erred in not granting leave for reservice upon the defendants and in not following the general rule that Fed. R. Civ. P. (4)(m) requires dismissal only where there is a complete lack of service on the defendant.

Fed. R. Civ. P. 4(h)(1) requires that service on a corporation be to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .." In this case, the documents were delivered to the firm's office manager; the plaintiff does not dispute that the office manager does not, in actuality, fall into any of these categories.

Plaintiff, rather, relies on two arguments: That the office manager had apparent authority to accept process, and that, in any event, the purpose of the service rule (i.e., to ensure notice) had been fulfilled. The district court properly disposes of the first argument by noting that as plaintiff had been employed at the firm and knew or should have known that the office manager lacked actual authority, she was not in a position to rely on apparent authority. In regard to the second point, we note that although it is true that one of the purposes of the rules regarding service of process is to provide notice, Grand Entertainment Group Ltd. v. Star Media Sales Inc., 988 F.2d. 476, 486 (3rd Cir. 1983), this court has made clear that "notice cannot by itself validate an otherwise defective service." Id.at 492.

The district court also rejected plaintiff's contention that the defendants waived their service and process defenses by not presenting them sufficiently clearly and in a timely manner (thereby "sandbagging plaintiff" by proceeding with discovery). The district court properly found plaintiff's position to be contrary to the Federal Rules of Civil Procedure and unsupported by precedent.

The defendants included in their January 18, 1995 answer a motion to dismiss based in part on Rule 12(b)(4) and (5). Although the motion was rejected because of the defendants' failure to append a brief (as required by local court rules), the motion was re-submitted within the requisite period set by the court, supported by brief, and served to put the plaintiff on notice that service and process had been improper. Plaintiff could have, but did not, validly effectuate service within the 120-day deadline.

The court properly rejected the plaintiff's argument that the defendants have waived their defenses by engaging in discovery and attending scheduling conferences. As the defendants point out, when confronted with an 18-count complaint seeking $28 million in relief, it is prudent to proceed with one's case while awaiting determination of motions to dismiss.

We, furthermore, see no merit in the plaintiff's contention that the district court erred in refusing to extend the 120-day period for service of process.

Fed. R. Civ. P. 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In this circuit, the district court's determination with respect to good cause is reviewed for abuse of discretion. Braxton v. United States, 817 F.2d. 238, 242 (3d Cir. 1987). The district court's determination in this case (that plaintiff's disregard for what she considered the "technical niceties" of service of process, see supra p. 3, does not constitute good cause) is in line with the precedent of this court. See, e.g., Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995) (inadvertence, "half-hearted" efforts, and misplaced reliance does not constitute good cause).

III.

We turn now to the sufficiency of the process. We believe that a careful analysis of the law pertaining to the issuance and function of the summons would have saved the parties considerable time and discovery and spared judicial resources. The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant. "A summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate a judgment that the court might render against the person." Fed. R. Civ. P. 4 28 U.S.C.A. Practice Commentary C4-4 (1992 & Supp. 1996).

In the instant case, the plaintiff never requested the Clerk to issue a summons nor did he. The Clerk neither signed it nor affixed the seal of the Court as required by Rule 4. The plaintiff avers in her affidavit that she prepared the summons in this action and took "a copy of the summons supplied by the Clerk of this court and filled in the name and address . . . for each defendant." She then engaged a process server and plaintiff appeared in the Clerk's office the next day to file the proofs of service. A staff person called to her attention without other comment that the summons did not contain the Clerk's signature and docketed the return.

The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons. A district court must not only have subject matter jurisdiction over the litigation before

it, but also personal jurisdiction over the defendants. A court may not go through the sterile exercise of acting in a vacuum to adjudicate a legal dispute. It must have parties as well as an actual controversy. In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction. Notice of a claim is not sufficient.

> It is fundamental that before a court may
> impose upon a defendant a personal liability
> or obligation in favor of the plaintiff or
> may extinguish a personal right of the
> defendant it must have first obtained
> jurisdiction over the person of the
> defendant.

Lohman v. Lohman, 626 A.2d. 384, 390 (Md. 1993).

Fed. R. Civ. P. 4 sets forth the procedure by which a court obtains personal jurisdiction over the defendant. Rule 4(a) specifically provides in pertinent part: "The summons shall be signed by the Clerk, [and] under the seal of the court." As the Commentaries to the Rule point out, the Rule is comprehensive and "a mistake in its use can be fatal." Fed. R. Civ. P. 4 28 U.S.C.A. Practice Commentary C4-1 (1992 & Supp. 1996). The process is a two-step procedure: first, a complaint must be filed with the Clerk of the Court where the Clerk issues a summons to the plaintiff or the plaintiff's attorney who shall be responsible for service and, second, the summons and a copy of the complaint must be effectively and timely served upon the defendant. Requiring the Clerk to sign and issue the summons assures the defendant that the process is valid and enables the Clerk to collect whatever filing fees are required.

A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. 2 James W. Moore, Moore's Federal Practice ¶ 4.05 (2d ed. 1996) ("Under Rule 4(b) only the clerk may issue the summons . . . [A] summons issued by the plaintiff's attorney is a nullity."); see also 4a Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1084 (2d ed. 1987). Upon proper motion, or if the defendant raises the matter in the responsive pleading, such suit should be dismissed under Fed. R. Civ. P. 12(b)(2). Thus, under such circumstances, it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m). Nor is it necessary for the district court to characterize such improper issuance as showing a flagrant disregard for the rules. That sort of analysis is useful in determining under Rule 4(m) whether plaintiffs had good cause for their failure to make service within 120 days, but serves no purpose here.

## IV.

In sum, we hold that a summons not issued and signed by the Clerk with the seal of the court affixed thereto fails to

confer personal jurisdiction over a defendant even if properly served.  We further hold that a summons when properly issued is not effective in conferring personal jurisdiction upon a partnership or individual if it is not served in accordance with Rule 4 of the Fed. R. Civ. P. unless service has been effectively waived.  In this instance, there was no such waiver.

Accordingly, the judgment of the district court will be affirmed.  Costs taxed against the appellant.