

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2005

# Thomas v. Fetzko

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Thomas v. Fetzko" (2005). *2005 Decisions.* Paper 985.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/985

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-2381 & 03-2382
_____

BRIAN W. THOMAS,

Appellant

v.

MARK E. FETZKO; BRENDON VANSTON; ROBERT CONWAY;
THOMAS I. VANSEKI; THE HONORABLE JUDGE JAMES M. MUNLEY;
CARL W. SMITH, JR.; PATRICIA ROBINSON; PAULETTE BURNSIDE;
KAREN BISHOP; GEORGE SKUMANICK, JR.; GERALD IDEC;
ROBERT MONTROSS; JEFF HELWIG; ROBERT ROBERTS; JOSHUA D. MILLER;
ROGER HARDY; MICHAEL FISHER; BRADLEY MALLORY;
WILLIAM GAYLORD; THE WYOMING COUNTY SHERIFF'S DEPARTMENT;
TUNKHANNOCK BOROUGH POLICE DEPARTMENT;
PENNSYLVANIA DEPARTMENT OF TRANSPORTATION;
PA BUREAU OF DRIVER LICENSING; THE COURT OF COMMON PLEAS OF
THE 44TH JUDICIAL DISTRICT; ALL MAGISTRATE - DISTRICT JUSTICE
COURTS OF WYOMING COUNTY; SUPERIOR COURT OF PENNSYLVANIA;
SUPREME COURT PA; WELCH ASSOC, a/k/a Welch Assoc Inc;
WYOMING COUNTY DISTRICT ATTORNEY'S OFFICE; COUNTY OF WYOMING;
THE BOROUGH OF TUNKHANNOCK; PA COUNTIES RISK POOL
INSURANCE CO.; COMMONWEALTH OF PA; THE STATE OF PA;
EMPLOYEE LIABILITY SELF-INSURANCE PROGRAM, Dept of General Services,
Bureau of Risk Management; MICKEY AMEIGH;
HONORABLE WILLIAM W. CALDWELL
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. Nos. 02-cv-01265 & 02-cv-01266)
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)

December 27, 2004

BEFORE: ALITO, SMITH and ROSENN, <u>Circuit Judges</u>

(Filed:  June 21, 2005)

_____

OPINION
_____

PER CURIAM

Brian W. Thomas appeals the orders of the United States District Court for the Middle District of Pennsylvania dismissing his *pro se* complaints that were filed in the above-captioned civil actions.  For the reasons discussed below, we will vacate the orders of the District Court and remand for further proceedings.

Thomas filed his complaints in District Court, alleging numerous civil rights violations relating to a traffic stop, an assault, and a subsequent arrest by the authorities in Tunkhannock, Pennsylvania.  Citing Rule 4(m) of the Federal Rules of Civil Procedure, the District Court issued an order in each case for Thomas to show cause why the period of time for effective service of the complaint should be enlarged, warning that failure to reply would result in dismissal of the cases.  Thomas filed documents deemed by the District Court to be non-responsive to the show cause orders.  On April 10, 2003, the District Court dismissed the cases for failure to effect proper service upon the defendants.  The District Court explained that Thomas's attempted service by certified mail was not effective.  <u>See</u> Fed. R. Civ. P. 4(e); Pa. R. Civ. P. 400, 403.  Thomas timely appealed and

2

has been granted *in forma pauperis* ("IFP") status for the appeals. He has filed a motion for the appointment of counsel to represent him on appeal.

We review dismissals under Rule 4(m) for abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). As noted in the District Court's show cause orders, Rule 4(m) provides that where proper service is not effected upon a defendant within 120 days of filing of the complaint, the District Court, "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." The District Court faulted Thomas's failure to serve the complaint in compliance with the governing procedural rules. However, we note that under Rule 4(c)(2), a United States marshal must be appointed to effect service when a plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915. It appears from the records that Thomas raised his belief that he was proceeding IFP by virtue of his IFP status in other state and federal cases, and he reiterates this belief on appeal. Thus, if Thomas was proceeding IFP in the District Court, a federal marshal should have been appointed to effect service.

Yet it is unclear from the District Court records whether Thomas was, in fact, proceeding IFP. The records reflect neither payment of the filing fees to pursue the actions in District Court nor entry of any order granting IFP status in those proceedings. Under the circumstances, we conclude that it was an abuse of discretion for the District Court to dismiss the actions for failure to serve the complaints without first clarifying

3

Thomas's fee status. We leave the issue of whether Thomas is indeed entitled to proceed IFP for determination by the District Court in the first instance.

Accordingly, we will vacate the District Court's order and will remand this matter for further proceedings. Thomas's motion for the appointment of counsel is denied.

ROSENN, Circuit Judge, dissenting:

Brian Thomas, the appellant, filed *pro se* complaints in the United States District Court in the above matter, suing numerous individuals, federal judges, all the appellate judges of Pennsylvania, the Commonwealth of Pennsylvania, the District Attorney and Sheriff of Wyoming County, Pennsylvania agencies and others. Even if Thomas were suing *in forma pauperis* ("IFP") a person does not sue a host of judges, public servants, and state agencies without some sense of personal responsibility, especially discharging his obligation to provide effective service of process. Giving him every opportunity to comply with the service requirement, the district court entered orders for Thomas to show cause why the period for effective service should not be enlarged. The court also warned Thomas that failure to reply would result in dismissal. Thomas responded by providing documents that the district court found non-responsive and it therefore dismissed the cases. I see no abuse of discretion in the orders of dismissal.

The majority of the panel would vacate the dismissals and remand for further proceedings because a United States Marshal must be appointed under Rule 4(c)(2) to effect service when a plaintiff is authorized to proceed under 28 U.S.C. § 1915.

However, the docket entries in this case do not show that Thomas was authorized to proceed IFP. Thomas alleges that he believes he was IFP by virtue of his IFP status in other state and federal cases. Having filed other actions in federal and state courts IFP, Thomas knew that he was proceeding here without having been granted such IFP status. If he did not know, he should have ascertained it, especially in light of the numerous important parties, judges, and agencies he was endeavoring to summon to court without even an attempt at effective service of process. The majority acknowledges that "[t]he records reflect neither payment of the filing fees to pursue the actions in the district court nor entry of any order granting IFP status in those proceeding." (Maj. op. at 3).

Although district courts are required to treat *pro se* pleadings liberally, they are not expected to shut their eyes to bungling litigation or, even worse, a knowing disregard of the Rules of Court with respect to service of process. Thomas admits that he frequently litigates *pro se* in federal or state courts. *Pro se* status does not give such a litigator a pass to ignore the basic rules of court with respect to service of process. On the contrary, it should impose a greater sense of responsibility, the exercise of common sense, and a duty to seek relevant information, especially in a suit against numerous members of the judiciary and other county and state officials. In my opinion, the district court did not abuse its discretion but appropriately dismissed these actions. Remanding them for further proceedings is a waste of judicial resources of this court, of the trial court, and of the many judges and other agencies named as defendants.

5