DPS-177                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1097
_____

PA NURU TOURAY, Alien Number 74891856;
TOSIN ADEGBUJI

v.

MIDDLESEX COUNTY; WARDEN MICHAEL T. ABODE;
UNKNOWN NAMED A-TOP UNIT OFFICER; SERGEANT LASALLA;
MIDDLESEX COUNTY CORRECTIONS COMMISSIONER

TOSIN ADEGBUJI,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-01987)
District Judge: Joseph A. Greenaway, Jr.

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P 10.6
March 24, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed July 18, 2005)
_____

OPINION
_____

PER CURIAM

      Tosin Adegbuji proceeding <u>pro</u> <u>se</u>, appeals the December 13, 2004 order of the

United States District Court for the District of New Jersey, denying his motion for reconsideration of its October 29, 2004 order. We construe Adegbuji's notice of appeal liberally to cover the underlying orders entered October 6, 2004 and October 29, 2004, dismissing his complaint for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000). For the reasons that follow, we will summarily affirm the orders of the District Court.

In May 2003, Pa Nuru Touray[1] and Adegbuji (collectively, "the plaintiffs") paid their filing fee and filed a complaint in the District Court alleging that their First, Eighth, and Fourteenth Amendment rights were violated while they were detained at the Middlesex County Correctional Facility. The plaintiffs named as defendants retired Warden Michael Abode, Sergeant LaSalla, and the Middlesex County Corrections Commissioner (collectively, "the defendants").[2] On July 25, 2003, a summons was issued for Abode. On August 22, 2003, Adegbuji filed a return of service as to Abode in the District Court. On the form, Adegbuji identified himself as the server, and indicated that he mailed a copy of the summons "certified return receipt requested . . . to the State Attorney General, Peter Harvey, Esquire." Adegbuji also submitted a certified mail receipt addressed only to Harvey. The fields entitled "Received by" and "Date of

---

[1] Touray is not a party to this appeal.

[2] The plaintiffs initially named Middlesex County as a defendant. However, at the plaintiffs' request, the District Court permitted the Middlesex County Corrections Commissioner to be substituted as a party.

Delivery" on the certified mail receipt were left blank. There is no date stamp of any kind, either on the return receipt or the certified mail receipt. Summonses were never issued for either LaSalla or the Middlesex County Corrections Commissioner.

In January 2004, the plaintiffs filed a motion for default judgment. Approximately three months later, the defendants responded by arguing that they had never been served with the plaintiffs' complaint and requesting that they be allowed to file responsive pleadings as if timely. On September 8, 2004, the District Court denied the plaintiffs' motion for default judgment. Immediately thereafter, the defendants filed motions to dismiss due to the plaintiffs' failure to serve them within the 120 days required by Rule 4(m). The plaintiffs failed to respond to the motions to dismiss. Accordingly, by orders entered on October 6 and October 29, 2004, the District Court granted the defendants' motions and dismissed the complaint. The plaintiffs then filed a timely motion for reconsideration of the District Court's October 29, 2004. In an order entered on December 13, 2004, the District Court denied the motion for reconsideration. Adegbuji timely appealed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal pursuant to Rule 4(m) for an abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). Because this appeal presents "no substantial question," see 3d Cir. LAR 27.4 and I.O.P 10.6, we will summarily affirm the District Court's October 6, October 29, and December 13 orders.

3

First, we agree with the District Court that the plaintiffs failed to properly serve

Abobe.  Pursuant to the Rules of Federal Civil Procedure, service of process upon Abode

may have been effected: (1) by any person over the age of 18 who was not a party to the

litigation; or (2) according to New Jersey law.  Fed. R. Civ. P. 4(e)(1)-(2); see also Fed.

R. Civ. P. 4(c)(2).  Here, the first possible method for service of process on Abode was

not satisfied insofar as Adegbuji was identified as the server on the return receipt

submitted to the District Court.  Likewise, the attempted service on Abode failed to

comply with New Jersey state law.  In New Jersey, service of process may be effected

upon an individual within the state by: (1) "delivering a copy of the summons and

complaint to the individual personally[;]" (2) "leaving a copy thereof at the individual's

dwelling place or usual place of abode[;]" or (3) "delivering a copy thereof to a person

authorized by appointment or by law to receive service of process on the individual's

behalf."  New Jersey Court Rule 4:4-4(a)(1).  The plaintiffs did not attempt to serve

Abode personally or at his "dwelling place or usual abode."  See id.  Instead, they

apparently attempted to serve Attorney General Harvey by certified mail.  The plaintiffs,

however, did not establish that Harvey is authorized to receive service of process on

Abode's behalf, and there is no indication in the record that service upon Harvey was

appropriate.  See Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488

(3d Cir. 1993) (noting that "the party asserting the validity of service bears the burden of

proof on that issue").  Moreover, even if Harvey is authorized to receive service, the

4

incomplete certified mail receipt suggests that service was not effected.

We also agree with the District Court that the plaintiffs failed to properly serve LaSalla or the Middlesex County Corrections Commissioner. A review of the record indicates that summonses were not issued and returns of service were not filed for either defendant. Accordingly, the plaintiffs plainly failed to effect service of process on either LaSalla or the Middlesex County Corrections Commissioner.

Rule 4(m) provides that the if service of the summons and complaint is not made within 120 days after the filing of the complaint, the District Court shall, upon motion, dismiss the action without prejudice. See Fed. R. Civ. P. 4(m). Here, the plaintiffs filed their complaint in May 2003. More than one year later, in September 2004, the defendants filed motions to dismiss the complaint due to the plaintiffs' failure to serve them in a timely manner. After the plaintiffs failed to respond, the District Court granted the defendants' motions. Because the record does not support a finding of "good cause," or that a discretionary extension would have been appropriate under the circumstances, we conclude that the District Court did not abuse its discretion in dismissing the plaintiffs' complaint. See Fed. R. Civ. P. 4(m); see also Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

Finally, the District Court did not abuse its discretion in denying the plaintiffs' motion for reconsideration. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). In order to obtain reconsideration, the plaintiffs had to show an intervening

change in the law, the availability of new evidence or the need to correct a clear error of law or fact to prevent manifest injustice. See id. at 677. In their motion for reconsideration, the plaintiffs argued that they were deprived of the opportunity to oppose the motions to dismiss because they were served at an incorrect address.[3] The plaintiffs', however, did not actually allege that they were not served with the motions. Moreover, in their motion for reconsideration the plaintiffs did not contest the District Court's conclusion that they failed to timely serve the defendants, or request an extension of time in order to effect service. In short, the plaintiffs' motion did not offer any new evidence and made no argument that required a different result in the case. Consequently, the motion for reconsideration was properly denied.

For the foregoing reasons, we will summarily affirm the District Court's October 6, 2004, October 29, 2004, and December 13, 2004 orders.

---

[3] When the motions to dismiss were served, the plaintiffs were incarcerated at the Sussex County Jail, located at *41* High Street in Newton, New Jersey. It appears that the motions to dismiss were improperly addressed to the Sussex County Jail, *418* High Street in Newton, New Jersey. Nonetheless, the motions were sent to the Sussex County Jail.