

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2009

# David Boniella v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"David Boniella v. Comm Social Security" (2009). *2009 Decisions.* Paper 1742.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1742

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1642

_____

DAVID BONIELLA,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-1314)
Magistrate Judge: Honorable Robert C. Mitchell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2009
Before: FISHER, JORDAN and VANANTWERPEN, Circuit Judges

(Opinion filed: March 13, 2009 )

_____

OPINION

_____

PER CURIAM

Pro se appellant David Boniella challenges the District Court's dismissal of his

complaint under Rule 4(m) of the Federal Rules of Federal Procedure. For the reasons

below, we will vacate the District Court's order and remand for further proceedings.

I.

Boniella filed a motion to proceed in forma pauperis in the Western District of Pennsylvania on September 28, 2007. The District Court, on October 2, 2007, entered an order granting the in forma pauperis motion and ordering the clerk to file Boniella's complaint against the Social Security Commissioner. Boniella sought the District Court's review of the Social Security Commissioner's final determination disallowing his claim for disability benefits. See 42 U.S.C. § 405(g). The case proceeded as Boniella filed several motions and consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636. On November 8, 2007, the U.S. Attorney's Office filed a notice of appearance, which also stated that it had not been properly served with the complaint or summons. In January 2008, the U.S. Attorney's Office also consented to the Magistrate Judge's jurisdiction.

On February 5, 2008, the Magistrate Judge issued an order under Federal Rule of Civil Procedure 4(m) requiring Boniella to show cause as to why the case should not be dismissed for failure to serve the defendant within 120 days of filing the complaint. The District Court did not receive Boniella's response until February 29th, by which time the Magistrate Judge had issued an order (on February 27th) dismissing the complaint without prejudice under Rule 4(m). Boniella timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 636(c). Although

the District Court dismissed this case without prejudice, we are satisfied that appellate jurisdiction exists because the statute of limitation on Boniella's claim has now expired. See 42 U.S.C. § 405(g) (stating that a complaint seeking judicial review of a decision by the Social Security Commission must be filed within sixty days of the decision or after notice of the decision is mailed); Bowen v. City of New York, 476 U.S. 467, 478 (1986) (acknowledging that § 405(g) constitutes a statute of limitation). We review a dismissal pursuant to Rule 4(m) for abuse of discretion. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).

The District Court improperly dismissed Boniella's suit by citing his failure to serve process. As a litigant proceeding in forma pauperis, Boniella was not responsible for the service of process. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process[.]"); see also Byrd v. Stone, 94 F.3d 217, 220 (6th Cir. 1996). Once Boniella filed his complaint, the District Court was obligated to appoint a United States marshal to effect service. Fed. R. Civ. P. 4(c)(3).

For this reason, we will vacate the District Court's order dismissing Boniella's complaint and remand the case for further proceedings. We will deny Appellant's motions for presumptive disability payments and for sanctions and fines.[1]

---

[1]     Boniella also seeks our review of the Commissioner's decision regarding disability benefits. The question before us on appeal is whether the District Court erred in dismissing Boniella's complaint for failure to effect service, and we do not reach the merits of the complaint.

3