DLD-022                                                      NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2210
_____

JOSHUA PAYNE,
Appellant

v.

CHARLES BUTTS, Religious Accommodation Review Committee;
CRIG COPPER, Religious Accommodation Review Committee;
MARGARET GORDON, Religious Accommodation Review Committee;
FATIH AKDEMIR, Religious Accommodation Review Committee;
ELISHA FRIENDMAN, Religious Accommodation Review Committee;
MARYANN ROBBINS, Religious Accommodation Review Committee;
TRACY SMITH, Bureau of Treatment Services;
JODY SMITH, Bureau of Treatment Services;
ROSS MILLER, Bureau of Treatment Services;
ULLI KLEMM, Bureau of Treatment Services;
TAMI HOOKER, Bureau of Treatment Services;
JOHN WETZEL, Secretary of Pennsylvania Department of Correction

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-01305)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2022

Before: JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed: November 14, 2022)

---

OPINION[*]

---

PER CURIAM

Joshua Payne, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action. For the following reasons, we will affirm the judgment of the District Court.

Payne is incarcerated at SCI Mahanoy. He brought this action pursuant to 42 U.S.C. § 1983 against numerous officials of the Department of Corrections, alleging that they violated his constitutional and statutory rights to religious freedom by refusing to provide him with meals that are both certified Halal and contain meat. He sought injunctive relief to address this purported burden on his religious practice, as well as compensatory and punitive damages. The District Court granted Defendants' motion to dismiss Payne's complaint, concluding that Payne had not sufficiently pleaded the personal involvement of the Defendants in the alleged harm and that, in any event, he had failed to state a plausible claim for relief. Payne timely filed a notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the order granting defendants' motion to dismiss is plenary. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2

face." Talley v. Wetzel, 15 F.4th 275, 286 n. 7 (3d Cir. 2021) (cleaned up). We construe Payne's pro se filings liberally. Id. When reviewing a complaint challenged by a motion to dismiss, we disregard formulaic recitation of the elements of a claim, legal conclusions, and threadbare or speculative assertions; then we evaluate the plausibility of the remaining allegations. See Lutz v. Portfolio Recovery Assocs., 49 F.4th 323, 327–28 (3d Cir. 2022) (citations omitted). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that Payne failed to allege with particularity the personal involvement of the named Defendants.[1] A plaintiff seeking to impose liability under § 1983 must state with particularity each defendant's participation in—or actual knowledge of and acquiescence to—the alleged wrongs. See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3rd Cir. 1988). The complaint must contain a description of "the conduct, time, place, and persons responsible" for the alleged harm. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). A mere hypothesis about a defendant's knowledge will not suffice. See Rode, 845 F.2d at 1208.

---

constitute binding precedent.

[1] The District Court dismissed Defendants Smith, Friendman, and Robbins from the action because they had not been properly served with the complaint, after Payne did not respond to an order to show cause for his failure to effect service. See Dkt. No. 23 (citing Fed. R. Civ. P. 4(m)); No. 24 at 15–17. We review that dismissal for abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). To the extent that Payne challenges that ruling on appeal, we conclude that the District Court's dismissal was appropriate.

Payne's amended complaint asserted generally that the Defendants are members of either the Bureau of Treatment Services or the Religious Accommodation Review Committee, that they "meet monthly," that "[e]ach defendant plays a role in deny[ing] or approving non-grooming religious accommodation requests made by the inmate population," and that some combination of these groups denied his request for religious accommodation and his subsequent grievance. Am. Compl. 1–2, ¶¶ 3–5, ECF No. 18; see also ECF No. 18-1 at 4, ¶ 23 ("Each defendant plays a role in granting and denying inmate requests for religious diets."). Although he provides the dates on which his requests were denied, his broad statement that "[e]ach defendant plays a role" in the general decision-making process on religious accommodations falls short of the particularity required and is purely hypothetical as to Payne's specific request for accommodation.[2] And, as the District Court also noted, liability may not be imposed solely as a function of respondeat superior or because of a defendant's role in the administrative grievance system. See Rode, 845 F.2d at 1207–08.

Finally, because the District Court already received one amended complaint from Payne and reasonably determined that further amendment would be futile, declining to grant further leave to amend was proper. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] Furthermore, as the District Court explained, Payne failed to state a claim for relief even had he alleged personal involvement of any named defendant. See generally Mem. Op. 7–15, ECF No. 24 (citing, inter alia, Williams v. Morton, 343 F.3d 212, 217–19 (3d Cir. 2003) (rejecting inmates' claim that failure to provide halal meat in lieu of vegetarian

Accordingly, we will affirm the judgment of the District Court.

---

meals violated their First Amendment rights)).