**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3108
_____

FRANCIENNA GRANT,
                                        Appellant

v.

MARSHALL L. WILLIAMS; SUPERIOR COURT OF CAMDEN NEW JERSEY;
SUPERIOR COURT OF NEW JERSEY APPELLATE DIVISION;
SUPREME COURT OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-16952)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2023
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed:  May 23, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Francienna Grant appeals the District Court's orders dismissing her complaint and denying her motion for reconsideration. For the reasons that follow, we will affirm the District Court's judgment.

In 2008, Grant filed a counseled employment discrimination complaint in the United States District Court for the District of New Jersey. The District Court dismissed the complaint as a sanction for failing to comply with discovery orders, and we affirmed the District Court's judgment. See C.A. No. 09-4403. Grant then filed a claim of legal malpractice against her attorney, Marshall Williams, in the Superior Court of New Jersey, Law Division, Camden County. That court determined after a bench trial that Williams's representation had fallen below the acceptable standards of care but that Grant had not shown that she would have recovered any damages as her underlying case had no value. The Appellate Division affirmed the trial court's determination. See Grant v. Williams, No. A-1411-15T1, 2018 WL 1936827, at *2 (N.J. Super. Ct. App. Div. Apr. 25, 2018).

In 2019, Grant filed a complaint in the District Court alleging that Williams had sexually harassed her and refused to provide legal services, resulting in the dismissal of her first District Court case. She stated that she had won a malpractice case in state court against Williams but that the state court judge refused to award her damages. She requested that the District Court reverse the state courts' findings, award her damages, and order the defendants to attend sensitivity training. In an amended complaint, she named Williams, the Superior Court Law Division, the Superior Court Appellate Division, and the Supreme Court of New Jersey as defendants.

2

In January 2021, the District Court dismissed her claims against the State Court Appellees based on Eleventh Amendment immunity and the Rooker-Feldman doctrine.[1] It also denied her motion for a default judgment against them. As for her claims against Williams, it ordered her to show cause why those claims should not be dismissed for lack of prosecution for failure to serve him or for lack of subject matter jurisdiction. Grant then filed a motion for reconsideration with respect to the District Court's dismissal of her claims against the State Court Appellees.

In August 2021, the District Court denied her motion for reconsideration and dismissed her claims against Williams for lack of prosecution. It also noted that allowing Grant additional time to serve Williams would be futile because she failed to establish that the District Court had subject matter jurisdiction over her claims against Williams.

Grant then filed a timely motion for reconsideration, arguing that she had newly discovered evidence, i.e., a decision by the Office of Attorney Ethics of the Supreme Court of New Jersey to suspend Williams for two years. She also appeared to argue that she had served Williams: "return service and regular mail was not returned. Which constitutes service." ECF #23 at 3. In June 2022, the District Court denied the motion for reconsideration. Grant filed a notice of appeal and challenges the January 2021 and June 2022 orders. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

<u>Claims against Williams</u>

The District Court determined that Grant had failed to serve Williams and had not provided good cause for this failure. <u>See</u> Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period"). We review a District Court's dismissal pursuant to Fed. R. Civ. P. 4(m) for an abuse of discretion. <u>See</u> <u>Ayres v. Jacobs & Crumplar, P.A.</u>, 99 F.3d 565, 568 (3d Cir. 1996).

In response to the order to show cause, Grant stated that in November 2019, after attempting service on Williams at his office with a professional process server, she "personally served Williams with a second Summons. No return of mailed documents to date." ECF #18 at 3.[2] We agree with the District Court that Grant did not establish that she properly served Williams. <u>See</u> Fed. R. Civ. P. 4(e) (describing methods to serve an individual, including following state law where the District Court is located or where service is made); N.J. Ct. R. 4:4-4 (describing manner of proper service under New Jersey law); Pa. R. Civ. P. No. 402 (describing manner of proper service under Pennsylvania law); <u>see also</u> Fed. R. Civ. P. 4(c)(2) (allowing an adult who is <u>not</u> a party

---

[2] It appears that by using the word "personally," Grant meant that she herself mailed the summons to Williams and not that she handed the summons to him in person. Either method would not constitute proper service.

to serve a complaint). And, after failing to properly serve Williams for over a year and a half, Grant did not show good cause such that the District Court was required to further extend the original 90-day deadline for service. See Fed. R. Civ. P. 4(m). Nor did the District Court abuse its discretion in declining to grant her request for substitute service as she had not indicated that she had attempted to serve Williams at his place of abode as allowed by statute. See N.J. Ct. R. 4:4-4(b)(1) (allowing substitute service if service cannot be made pursuant to Rule 4:4-4(a)(1) despite diligent effort and inquiry); see also Fed. R. Civ. P. 4(e)(2) (allowing service by leaving a copy of the summons at the defendant's dwelling or usual place of abode with resident of suitable age); N.J. Ct. R. 4:4-4(a)(1) (same ); Pa. R. Civ. P. No. 402 (allowing service at defendant's residence by handing a copy to an adult family member).

Grant also challenges the District Court's denial of her motion for reconsideration based on the new evidence of the Ethics Board's opinion. However, this evidence does not undermine the District Court's determination that Williams was not properly served with the complaint.

As we will affirm the District Court's dismissal of Grant's claims against Williams for lack of prosecution, we need not reach the issue of whether the District Court had subject matter jurisdiction over her claims against Williams.

Claims against the State Court Appellees

Grant challenges the District Court's refusal to grant her a default judgment against the State Court Appellees. We review the District Court's denial of her request

5

for a default judgment for an abuse of discretion.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Grant has not shown any prejudice from the denial of the default, and the Appellees had a litigable, and, in fact, meritorious defense.  See id. (discussing factors to consider in reviewing refusal to enter default judgment).  The District Court did not abuse its discretion in denying her request for a default judgment against the State Court Appellees.

To the extent that Grant requested that the District Court reverse a state court's judgment, the District Court lacked jurisdiction pursuant to the Rooker-Feldman doctrine.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (describing the requirements for applying the Rooker-Feldman doctrine).

To the extent that the complaint was not barred by the Rooker-Feldman doctrine, we agree with the District Court that the State Court Appellees were entitled to Eleventh Amendment immunity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–02 (1984) (explaining that Eleventh Amendment immunity protects a state and its agencies from suit unless Congress has specifically abrogated the state's immunity or the state has waived its immunity).  Grant argues that Appellees were not entitled to immunity, but the cases she cites do not support her argument.  See Pierson v. Ray, 386 U.S. 547, 553 (1967) (holding that judicial defendant was immune from suit); Bradley v. Fisher, 80 U.S. 335, 357 (1871) (holding that judge was not liable for damages to attorney whose name was struck from the roll of attorneys for threatening judge).

6

Grant argues that New Jersey waived its Eleventh Amendment immunity and consented to being sued when it enacted a law that extended the state statute of limitation for claims of sexual abuse. However, there is nothing in that statute that supports this argument. See N.J. Stat. Ann. § 2A:14-2a(a)(1).

Grant also criticizes the time the District Court took to adjudicate her case and asserts generally that the District Judge was biased against her. However, any delay in the adjudication of this case is not a ground to vacate the judgment. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (noting that the manner in which a court disposes of cases on its docket is generally within its discretion). And her claim of bias is not supported by the record. Cf. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").

For the above reasons, we will affirm the District Court's judgment.