**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRUCE B. WILLIAMS,

     Plaintiff - Appellant,

v.

MARK GORDON, in his official capacity as Wyoming Governor; GILLETTE, WYOMING; SHAY LUNDVALL, in his official capacity as Gillette Mayor; CHARLIE ANDERSON, in his official capacity as Gillette Former City Attorney; SEAN BROWN, in his official capacity as Gillette City Attorney; J. CARTER NAPIER, in his official capacity as Gillette Former City Administrator; HYUN KIM, in his official capacity as Gillette Former City Administrator; MIKE COLE, in his official capacity as Gillette City Administrator; TIMOTHY CARSRUD, in his official capacity as Gillette City Council Member; NATHAN MCLELAND, in his official capacity as Gillette City Council Member; HEIDI GROSS, in her official capacity as Gillette City Council Member; BILLY MONTGOMERY, in his official capacity as Gillette City Council Member; JIM WEST, in his official capacity as Gillette City Council Member; RICHARD A. ERB, JR., in his official capacity as Gillette City Council Member; TRICIA SIMONSON, in her official capacity as Gillette City Council Member; ERIC HANSON, in his official capacity as Gillette City Council Member; LAURA CHAPMAN, in her official capacity as Gillette City Council Member; GREGORY SCHREURS, in his

No. 24-8067
(D.C. No. 2:24-CV-00104-KHR)
(D. Wyo.)

official capacity as Gillette City Council Member; BRUCE BROWN, in his official capacity as Gillette City Council Member; LOUISE CARTER-KING, in her official capacity as Gillette City Council Member; SHAWN NEARY, in his official capacity as Gillette City Council Member; MATTHEW R. SORENSON, in his official capacity as Gillette City Council Member; KEITH MCGRATH, in his official capacity as Gillette City Council Member; PATRICK DAVIDSON, in his official capacity as Gillette City Council Member; DAN BARKS, in his official capacity as Gillette City Council Member; ROBIN KUNTZ, in her official capacity as Gillette City Council Member; DENISE URBIN, in her official capacity as Gillette City Council Member,

Defendants - Appellees.

―――――――――――――――――――――

**ORDER AND JUDGMENT**[*]

―――――――――――――――――――――

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.

―――――――――――――――――――――

Bruce B. Williams, proceeding pro se, appeals from the district court's dismissal of his civil rights suit. Exercising jurisdiction under 28 U.S.C. § 1291, we

―――――――――――――――

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

affirm the decision to dismiss, but we vacate the judgment and remand for the district court to enter a judgment of dismissal without prejudice.

## BACKGROUND

Mr. Williams is an atheist in Gillette City, Wyoming (the City). He follows the tenets of the Hypatian Society, which are known as the 21 Rules. He sought to give invocations before City Council meetings and to place a 21 Rules monument in a City park that contains a Ten Commandments monument, but he was limited to one invocation per year and denied permission to place the monument. When he sued City officials in the state courts for violations of his state constitutional rights, the Wyoming Supreme Court upheld dismissal, holding that Wyoming's Governmental Claims Act did not waive sovereign immunity for civil rights claims. *See Williams v. Lundvall*, 545 P.3d 431, 434-35 (Wyo. 2024).

Mr. Williams then filed suit in federal court under 42 U.S.C. §§ 1983 and 1985. He challenged the Governmental Claims Act and alleged City officials violated his rights under the First and Fourteenth Amendments. As defendants, he named the Governor of Wyoming in his official capacity, the City of Gillette, and former and present City officials, all in their official capacities.

The district court determined that Mr. Williams's lengthy original complaint and first amended complaint failed to satisfy Fed. R. Civ. P. 8. It allowed him to file a second amended complaint no longer than 35 pages. After Mr. Williams filed his second amended complaint, the defendants all filed motions to dismiss. The Governor's motion cited Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction)

3

and 12(b)(6) (failure to state a claim upon which relief can be granted). In addition to Rules 12(b)(1) and 12(b)(6), the City defendants' motion cited Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficient process), and 12(b)(5) (insufficient service of process).

The district court granted the defendants' motions. It held the claims against the Governor were barred by Eleventh Amendment immunity and failed to state a claim upon which relief can be granted. As for the City defendants, the court determined that Mr. Williams failed to serve a valid summons on the City and failed to serve an appropriate person to receive service on behalf of the City.[1] It declined to allow Mr. Williams another opportunity to serve the City defendants because, it determined, the second amended complaint failed to state a claim upon which relief can be granted. The court dismissed all the claims with prejudice.

## DISCUSSION

Because Mr. Williams is representing himself, we construe his filings liberally and hold them "to a less stringent standard" than attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). But he must follow "the same rules of procedure that govern other litigants," and we do not act as his advocate. *Id.* (internal quotation marks omitted).

---

[1] The district court's docket shows only one summons (directed to the City) that was executed and returned. There is no indication that Mr. Williams attempted to serve the City officials he named as defendants.

4

I.　　**Claim Against the Governor**

The district court held that Eleventh Amendment immunity barred the claim against the Governor. We review de novo a dismissal under the Eleventh Amendment. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013).

"The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state." *K. A. v. Barnes*, 134 F.4th 1067, 1073 (10th Cir. 2025) (internal quotation marks omitted). Absent an exception, the Eleventh Amendment extends to state officials sued in their official capacities. *See Callahan v. Poppell*, 471 F.3d 1155, 1158-59 (10th Cir. 2006).

A State may waive its Eleventh Amendment immunity by voluntarily availing itself of a federal court's jurisdiction, including by moving to intervene in federal-court litigation. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619-20 (2002); *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013). Mr. Williams states that the Governor's motion to dismiss did not address just the claim he asserted against the Governor, but also the claims he asserted against the City defendants. He contends that by expanding his motion in this way, the Governor intervened such as to waive Eleventh Amendment immunity. We disagree. The Governor did not waive Eleventh Amendment immunity by filing a motion to dismiss in an action in which the plaintiff named him as a defendant, even if his motion addressed claims that Mr. Williams did not intend to direct toward him. It was Mr. Williams, not the Governor, who chose the federal courts to be the forum for this action.

5

Mr. Williams also notes that he did not seek monetary relief from the Governor. Under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring "constitutional challenges to the enforcement of a state law through suits for prospective injunctive and declaratory relief against state officers in their official capacities," *K.A.*, 134 F.4th at 1077. This exception applies only if the official has "a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024) (internal quotation marks omitted). Mr. Williams asserts that the Governor has "the obligation to ensure that the laws, including the U.S. Constitution, are faithfully enforced. So his obligation arises out of the general law." Aplt. Reply Br. at 2. This is insufficient, however, as "we have explicitly held that *Ex parte Young* requires something more than a mere general duty to enforce the law," *Free Speech Coal.*, 119 F.4th at 739 (internal quotation marks omitted).

Nevertheless, the district court erred in one respect: it dismissed the claims against the Governor with prejudice. "[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). "In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004). We therefore vacate the judgment and direct the district court to dismiss the claims against the Governor without prejudice.

6

## II.    Claims Against the City Defendants

The district court granted the motions to dismiss based on insufficient process and insufficient service of process.  It found that the summons Mr. Williams served was not "signed by the clerk" and did not "bear the court's seal" as required by Fed. R. Civ. P. 4(a)(1)(F) and (G).  Further, Mr. Williams had not served an appropriate person to receive service on behalf of the City.

We need not examine the sufficiency of service because Mr. Williams does not contest the district court's determination that the summons did not meet the requirements of Rule 4(a)(1).  Accordingly, he has not shown the district court erred in determining the summons was insufficient.  Mr. Williams argues that the insufficiency of the summons should not be grounds for dismissal because the court clerk's office told him he had done everything necessary and never gave him a summons.  But pro se parties must follow the same rules as other litigants. *See Garrett*, 425 F.3d at 840.

The district court stated that ordinarily it would dismiss the claims without prejudice and allow Mr. Williams to make a second attempt at service.  In this case, however, it declined to do so because it determined his second amended complaint failed to state a claim upon which relief can be granted.

Once the district court decided that Mr. Williams had not achieved valid service, it had "the discretion to determine whether to dismiss or quash." 5B Charles Alan Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1353 (2024).  The district court did not abuse its

7

discretion in deciding to dismiss. It gave Mr. Williams two opportunities to amend his complaint, but the second amended complaint still did not comply with Rule 8. For example, although the second amended complaint was directed toward numerous City defendants, it failed to explain with particularity exactly who did what to Mr. Williams. *See Shrum v. Cooke*, 60 F.4th 1304, 1311-12 (10th Cir. 2023) ("In § 1983 cases . . . defendants typically sue various government entities alongside various individual actors. In those cases, it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." (internal quotation marks omitted)).

However, because the City defendants were not served with valid process (in the case of the City) or any process (in the case of the City officials), the court lacked personal jurisdiction over them. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568-69 (3d Cir. 1996) (holding court lacked personal jurisdiction over defendants where summonses lacked clerk's signature and court's seal). Because the court lacked personal jurisdiction over the City defendants, it should have dismissed without prejudice. *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (holding that dismissal without prejudice is appropriate where a district court lacks personal jurisdiction over a defendant); *see also Umbenhauer v. Woog*, 969 F.2d 25, 30 n.6 (3d Cir. 1992) ("[D]ismissals under Fed.R.Civ.P. . . . 12(b)(4) . . . must be entered

8

without prejudice."); Fed. R. Civ. P. 4(m) (directing dismissal without prejudice for failure to timely serve).  We therefore vacate the judgment and direct the district court to dismiss the claims against the City defendants without prejudice.

## CONCLUSION

We affirm the district court's decision to dismiss Mr. Williams's claims.  But because the district court lacked subject-matter jurisdiction over the claims against the Governor and personal jurisdiction over the City defendants, we vacate the judgment and remand for the district court to dismiss the claims without prejudice.

Entered for the Court

Bobby R. Baldock
Circuit Judge