

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# Mathies v. Silver

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1770

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mathies v. Silver" (2008). *2008 Decisions*. Paper 1697.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1697

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-1770 & 07-2403
_____

STEPHEN MATHIES,
Appellant

v.

SETH SILVER;
MARIA MARTINEZ
_____

Appeals from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-02882)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2008

Before: RENDELL, JORDAN and GARTH, Circuit Judges

(Filed: January 28, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Stephen Mathies, an inmate at the Federal Correctional Institution in

Fairton, New Jersey, appeals pro se from the District Court's orders dismissing his

complaint filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau

<u>Narcotics</u>, 403 U.S. 388 (1971). We will affirm the District Court's order dismissing the complaint against defendant Maria Martinez and will vacate the District Court's order dismissing the complaint against defendant Dr. Seth Silver.

The parties are familiar with the facts and therefore we will only briefly summarize them here. In June 2004, Mathies filed a complaint alleging that, while incarcerated, he underwent surgery to repair a ruptured achilles tendon. Mathies contends that Silver, the orthopedic surgeon who performed the surgery, failed to provide adequate follow-up care and that Martinez, a nurse practitioner at the prison, denied him immediate access to a physician when his wound became infected. In addition to his complaint, Mathies submitted an application to proceed <u>in forma pauperis</u> ("IFP"), but after the District Court ordered that he either submit certain institutional account statements or remit the $150 filing fee, Mathies paid the filing fee. In September 2006, the Clerk of the Court forwarded blank summonses to Mathies. The District Court subsequently granted Mathies two extensions of time to effectuate service. In the order granting a second extension of time, the District Court informed Mathies of the service requirements of Federal Rule of Civil Procedure 4, specifically noting that (1) Mathies could not effect service upon officers or employees of the United States by certified mail; and (2) the Clerk of the Court must sign the summonses.

In May 2006, Mathies sent a letter to the District Court claiming to have effected service on the defendants and enclosing certified mail receipts addressed to the Attorney General of the United States and the United States Attorney's Office in Camden, New

Jersey, as well as an unsigned summons addressed to Silver. On June 30, 2006, Martinez moved to dismiss the complaint under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5) because "the Court is without jurisdiction over her person, process has never been issued by the Court, defendant Martinez has never been served with process . . .and the time in which to effect service has expired." The District Court granted Martinez's motion to dismiss pursuant to Rule 4(m), reasoning that Mathies had served Martinez and the United States Attorney with an "incomplete summons," and had failed to show good cause for his failure to effect service. Mathies filed a timely notice of appeal (C.A. No. 07-1770).

Subsequently, pursuant to District of New Jersey Local Civil Rule 41.1(a) (dismissal of inactive cases), a Notice of Call for Dismissal of the complaint against Silver was entered on April 13, 2007, because the case had been pending for more than 120 days without any proceeding taking place thereon. On April 25, 2007, Mathies filed an opposition to the Notice of Call. The District Court then dismissed the case against Silver "without prejudice" on April 27, 2007, noting that "no objection" had been entered "at a call of the calendar."[1] Mathies then filed a second timely notice of appeal (C.A. No. 07-2403). The appeals in C.A. Nos. 07-1770 and 07-2403 have now been consolidated.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Ordinarily, we exercise plenary review over issues of service under Rule 4 and review decisions about

---

[1] The District Court's dismissal was essentially with prejudice because the statute of limitations appears to have run on Mathies' claims.

3

whether good cause exists to extend the 120-day service period for abuse of discretion. Ayres v. Jacobs & Crumplar, 99 F.3d 565, 569 n. 4 (3d Cir. 1996) (citations omitted). We exercise plenary review over the question of whether a summons conferred jurisdiction over a defendant. See id. This Court reviews dismissals for failure to prosecute under Rule 41(b) for abuse of discretion. See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994). We can affirm the District Court on any basis supported in the record. See Fairview Twp. v. EPA, 773 F.2d 517, 524 n.15 (3d Cir. 1985).

We will affirm the order of the District Court entered on March 5, 2007, granting Martinez's motion to dismiss. The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over a defendant in a civil case is fatal to the plaintiff's case. Ayres, 99 F.3d at 569. A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. Id. Upon proper motion, such a suit should be dismissed under Rule 12(b)(2). Id. Under such circumstances, "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m)." Id. Here, Mathies failed to obtain a signed and sealed summons for Martinez, who moved for dismissal under Rule 12(b)(2). Thus, Mathies' suit against Martinez was properly dismissed. Id.

We will vacate the District Court's order dismissing the suit against Silver for non-prosecution under District of New Jersey Local Civil Rule 41.1(a) (the local rule

4

counterpart to Fed. R.Civ. P. 41(b)). To determine whether the District Court abused its discretion in dismissing a case under Rule 41(b), we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the other party; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Adams, 29 F.3d at 873 & n.5 (citing Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). Here, the District Court did not weigh any of these factors before dismissing the suit against Silver. Indeed, it is not clear whether the District Court even considered the response Mathies filed in opposition to the Notice of Call for Dismissal given that the District Court stated in its order that no objection had been entered. Accordingly, we will vacate the District Court's order entered on April 30, 2007.

In sum, we will affirm the District Court's order entered on March 5, 2007, but will vacate the District Court's order entered on April 30, 2007, and remand for proceedings consistent with this opinion.[2]

---

[2] In his appeal, Mathies contends that the District Court failed to respond to a request for appointment of counsel, but we have found no such request in the record.