**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2859
_____

STEPHEN MATHIES,
                                        Appellant

v.

SETH SILVER; MARIA MARTINEZ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 04-cv-02882)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2011
Before:  AMBRO, FISHER AND NYGAARD, Circuit Judges

(Opinion filed: November 9, 2011)
_____

OPINION
_____

PER CURIAM

    Appellant Stephen Mathies, an inmate at the Federal Correctional Institution in

Phoenix, Arizona, appeals pro se from the District Court's order dismissing his complaint

filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403

U.S. 388 (1971).  For the reasons that follow, we will affirm the District Court's order

dismissing Mathies' complaint against Dr. Seth Silver.

In 2004, Mathies filed in the District Court a <u>Bivens</u> action alleging that Dr. Silver, an orthopedic surgeon who repaired Mathies' injured Achilles tendon in 2001, failed to provide adequate follow-up care, and that Maria Martinez, a nurse practitioner at the prison in which Mathies was previously incarcerated, denied him immediate access to a doctor when his wound became infected.

In September 2005, the District Court forwarded blank summonses to Mathies so that he could serve the defendants. Thereafter, the District Court granted Mathies two extensions of time to effectuate service. In the District Court's second order granting him an extension, the District Court explained the service requirements of Federal Rule of Civil Procedure 4, specifically noting that: (1) Mathies could not serve Martinez or Silver by certified mail; (2) Mathies was also required to serve the United States pursuant to Rule 4(i); and (3) all summonses had to be signed and sealed by the Clerk of Court.

In May 2006, Mathies wrote to the District Court claiming to have completed service on the defendants. Mathies enclosed certified mail receipts addressed to the Attorney General and to the United States Attorney's Office in Camden, New Jersey, as well as an unsigned summons. In June 2006, the time that the District Court had allotted for Mathies to complete service expired, and Martinez filed a motion to dismiss. The District Court granted that motion, reasoning that Mathies failed to properly serve Martinez or the United States, and that Mathies had failed to demonstrate good cause to warrant an additional opportunity to complete service. Mathies timely appealed that order.

Shortly thereafter, the District Court <u>sua</u> <u>sponte</u> dismissed Mathies' complaint against Silver without prejudice for failure to prosecute, pursuant to District of New Jersey Local Rule 41.1(a).[1] Mathies appealed that order, as well, and his two appeals were consolidated.

We affirmed the District Court's order granting Martinez's motion to dismiss on the ground that Mathies had failed to serve Martinez with a complete summons. <u>See</u> <u>Mathies v. Silver</u>, 266 F. App'x 138, 140 (3d Cir. 2008). However, we did not address the District Court's decision as it pertained to Mathies' failure to properly serve the United States. Further, we vacated the District Court's order dismissing Mathies' claims against Silver because the District Court did not address Mathies' statement in opposition to dismissal or evaluate the factors a court should consider in determining whether to dismiss for failure to prosecute, as set forth in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

On remand, Mathies requested pro bono counsel and, in January 2009, the District Court appointed William Tambussi to represent him. Tambussi filed a formal appearance two months later. In January 2010, Mathies wrote the District Court, complaining that he had not heard from Tambussi for an entire year. The District Court forwarded the letter to Tambussi, who did not respond. In June 2010, Mathies again wrote the District Court that he had not heard from counsel. The District Court noticed the case for dismissal and

---

[1] We noted on appeal that "[t]he District Court's dismissal was essentially with prejudice because the statute of limitations appears to have run on Mathies' claims." <u>Mathies v. Silver</u>, 266 F. App'x 138, 139 n.1 (3d Cir. 2008).

once again forwarded Mathies' letter to Tambussi, who responded, explaining that he had been unable to contact Mathies in prison and that he had contacted the prison to arrange a meeting. On July 19, 2010, Tambussi met with Mathies at the prison and, on the following day -- more than eighteen months after his appointment -- Tambussi filed in the District Court a request for the issuance of a summons for Dr. Silver. The summons was issued and Dr. Silver was served on July 20, 2010.

Counsel for Dr. Silver entered an appearance and filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6), as well as Rule 4(m). The District Court granted the motion to dismiss, reasoning that Mathies failed to properly serve the United States, as required by Rule 4(i), and that Mathies failed to demonstrate good cause for his failure to effectuate service. Mathies timely appealed that decision.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. A plaintiff to a civil action in federal court must complete service of his complaint within 120 days of filing or within a period prescribed by the District Court. See Fed. R. Civ. P. 4(m). If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the District Court to determine whether the plaintiff has shown good cause for the failure. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). If so, the District Court must grant an extension to effect service; if not, the District Court may either dismiss the complaint or grant a discretionary extension. See id. We review both the District Court's assessment of good cause and its decision not to grant an extension for abuse of discretion. See id. at

4

758-59.

Rule 4(i)(3) requires that a plaintiff suing a federal employee in his individual capacity also serve the United States, which is accomplished by delivering a copy of the summons[2] and the complaint by certified mail to: (1) the civil-process clerk at the United States Attorney's Office for the district in which the action was brought, and (2) the Attorney General of the United States in Washington, DC. See FED. R. CIV. P. 4(i)(1). Because Bivens only authorizes suits against federal officials in their individual capacities, see FDIC v. Meyer, 510 U.S. 471, 473 (1994), Mathies was required to complete service pursuant to Rule (4)(i)(3); see also Kurzberg v. Ashcroft, 619 F.3d 176, 178 (2d Cir. 2010) (Bivens plaintiffs must serve process on both the individual defendants and the United States). Failure to effect service on the United States is grounds for a motion to dismiss in a Bivens action. See Kurzberg, 619 F.3d at 178-79. Although the record shows that Mathies attempted in 2006 to send his complaint to the Attorney General and United States Attorney, he failed to show that he also sent copies of signed, sealed summonses. And the record reflects no attempt by Mathies' appointed counsel to effect service on the United States. Thus, it is clear that even after six years, multiple extensions, and the appointment of counsel to assist him, Mathies did not properly serve the United States, and his complaint against Silver was subject to dismissal unless he demonstrated good cause for his failure to do so.

"We have equated good cause with the concept of excusable neglect . . . , which

---

[2] As noted above, to satisfy Rule 4, a summons must, inter alia, be signed by the clerk and bear the court's seal. See Fed. R. Civ. P. 4(a)(1).

5

requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (internal quotation marks and citations omitted).  The factors a court should consider in evaluating whether good cause exists are:  (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed.  See id. at 1097-98.  In concluding that Mathies had not shown good cause to excuse his failure to complete service, the District Court noted the various extensions and accommodations Mathies was afforded, both before and after Tambussi was appointed to represent him, and explained that, despite the assistance he received, Mathies failed to serve Dr. Silver with a complaint for more than six years and never properly served the United States.  Further, we note that Tambussi's brief opposing the motion to dismiss made much of Mathies' good faith efforts and pro se status -- which the District Court gave due consideration to -- but failed to acknowledge Tambussi's own failure to comply with the requirements of Rule 4(i).  We presume that Tambussi was able to review the complete record of proceedings, which clearly demonstrated both that Mathies was required to serve the United States and that he had not adequately done so.  That Tambussi neglected to explain his own failure to complete service on the United States on Mathies' behalf lends further weight to the District Court's conclusion that Mathies had not demonstrated good cause, and we therefore perceive no abuse of discretion in that determination.

6

Notwithstanding Mathies' failure to demonstrate good cause for failing to complete service, the District Court proceeded to determine whether, as a discretionary matter, dismissal would be inappropriate. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). In making that determination, a court is to consider several factors, including whether the statute of limitations would foreclose the plaintiff from re-filing, whether the defendant attempted to evade service, and any other relevant equitable considerations. See id. at 1305-07. The District Court noted that the continued failure to effect service, which was attributable to both Mathies and his attorney, had resulted in an effective six-year tolling of the statute of limitations. The District Court recognized that dismissal would result in Mathies' inability to re-file because of the two-year statute of limitations,[3] but concluded that that factor did not justify continuing the action. In the District Court's view, it would be unfair to impose upon Dr. Silver further delays so that Mathies could complete service, as well as the burden of defending a claim that Mathies did not bring to Silver's attention until -- accepting arguendo Mathies' position that his claim accrued in April 2003 -- seven years after the statute of limitations began to run. Given that "[s]tatutes of limitations serve compelling policy interests," Nat'l Iranian Oil Co. v. Mapco Int'l, Inc., 983 F.2d 485, 492 (3d Cir. 1992), particularly "to protect defendants from the unfair surprise of stale claims," Kreiger v. United States, 539 F.2d 317, 322 (3d Cir. 1976), we do not think that the District Court abused its

---

[3] The statute of limitations for Bivens claims is taken from the state's personal injury statute. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). In New Jersey, the statute of limitations for personal injury causes of action is two years. See N.J. Stat. Ann. § 2A:14-2.

discretion in concluding that fairness to the defendant in this case outweighed Mathies'

interest in continuing the litigation.

Accordingly, we will affirm.