CLD-031 & CLD-032                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1734
_____

JOHN GREENE,
       Appellant

v.

TIM SLOANE, WELLS FARGO CORPORATE CEO; TD BANK CORPORATE;
MARKET STREET VILLAGE; PMC PROPERTY GROUP; BROAD STREET
MINISTRY; LIBERTY CHURCH; JAMES GREENE; JESSICA MELLEN GRAAF;
MARVIN GRAAF; ERIC WILLIAMS; JOAN THOMAS; JOHN THOMAS; MICHAEL
BROOKS; ONEDIA BROOKS; CVS; IMPACT IMPORTS; WILMINGTON PUBLIC
LIBRARY; SEAN MURRAY; WALGREEN CO; JONATHAN EDWARD
STRATTON; TODD BERK; FAYE R. COHEN; PAUL J. FURLONG; EAST FALLS
BUSINESS DISTRICT ASSOCIATION; XFINITY CEO BRIAN ROBERTS; CITY
OF PHILADELPHIA SCHOOL DISTRICT; JOHN PEMBERTON, COKE COLA
CORPORATION CEO; MICHAEL S. PURZYCKI; LEGACY; MATHEW CRAIG
FALLON; UNITED STATES POSTAL SERVICE; OFFICE OF DISCIPLINARY
COUNSEL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:17-cv-03497)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2019
Before:  JORDAN, KRAUSE, and MATEY, Circuit Judges

No. 19-1735

JOHN GREENE,
Appellant

v.

PHILADELPHIA SCHOOL DISTRICT; JOHN THOMAS; MARVIN GRAAF;
JESSICA MELLEN; JOAN THOMAS; VICKI JOHNSON; AT&T; PMC PROPERTY;
COMCAST; XFINITY; BRIAN ROBERTS; JONATHAN VAN DUSEN; KENNETH
HOLDSMAN, AGENT FOR LEGACY FORMERLY KNOWN AS ARTHUR ASHE
YOUTH TENNIS AND EDUCATION;MICHAEL BROOKS; ONEDIA BROOKS;
SCHOOL DISTRICT OF PHILADELPHIA, MULTIPLE AGENTS; CITY OF
PHILADELPHIA, MULTIPLE AGENTS; OLIVIA NUTTER, FORMERLY
ASSOCIATED WITH THE CITY OF PHILADELPHIA; MICHAEL NUTTER,
FORMERLY ASSOCIATED WITH THE CITY OF PHILADELPHIA; LANCE LEE;
LEGACY; JAMES GREENE; MATHEW CRAIG FALLON; UNITED STATES
POSTAL SERVICE; FAYE R. COHEN; PAUL J. FURLONG; BEN HIRCH; SEAN
MURRAY; JONATHAN EDWARD STRATTON; BROAD STREET MINISTRY;
LIBERTY CHURCH; TODD BERK; WALGREENS; MARKET STREET VILLAGE;
MICHAEL S. PURZYCKI; CVS; IMPACT IMPORTS; ERIC WILLIAMS;
WILMINGTON PUBLIC LIBRARY; WELLS FARGO; TIM SLOANE; TD BANK
CORPORATE; EDWARD CLARK; COLLEEN M. JOHNSTON

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:17-cv-05444)
District Judge:  Honorable Nitza I. Quiñones Alejandro

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2019
Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 8, 2019)

————————

OPINION[*]

————————

PER CURIAM

Pro se appellant John Greene, proceeding in forma pauperis, appeals from the dismissal of his overlapping claims against dozens of defendants in two District Court cases. For the reasons that follow, we will summarily affirm the District Court's judgments.

In 2017, Greene filed a complaint in the District Court alleging that dozens of private individuals, corporations, and organizations, as well as a municipal school district and the United States Postal Service, violated his civil rights by collectively stalking, harassing, bullying, provoking, and spying on him. Greene claimed that these defendants had "abused" some kind of legal process with the knowledge of high-ranking government officials. He also believed that defendants had broken into his home to hack into his wireless network and steal electronic devices and his personal information, which they later disseminated without his permission. Greene maintained that defendants' harassment was aimed at discrediting his reputation and forcing him to end his relationship with his girlfriend.

Several months after filing his initial complaint, Greene initiated a separate action in the District Court, restating and adding to his allegations against the majority of

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

3

defendants in his first action, as well as against a dozen new defendants.  In his first action, the District Court dismissed many of Greene's claims on defendants' motions for failure to state a claim and for lack of subject matter jurisdiction.  It dismissed the remainder of Greene's claims sua sponte for lack of subject matter jurisdiction and for failure to effectuate service under Federal Rule of Civil Procedure 4(m), after notice to Greene.  The District Court ultimately dismissed Greene's claims against all defendants in his second action sua sponte for lack of subject matter jurisdiction.  Greene timely appealed in both actions.[1]

The District Court correctly determined that it lacked subject matter jurisdiction over the majority of Green's claims,[2] see Kokkonen v. Guardian Life Ins. Co. of Am.,

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal of Greene's claims for failure to state a claim and for lack of subject matter jurisdiction.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 180 (3d Cir. 2008); U.S. SEC v. Infinity Grp. Co., 212 F.3d 180, 186 n.6 (3d Cir. 2000).  We also generally exercise plenary review over issues of service under Federal Rule of Civil Procedure 4, reviewing findings of fact necessary to the application of Rule 4 under a clearly erroneous standard.  See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 n.4 (3d Cir. 1996); Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993).  We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2] A federal court may "raise sua sponte subject-matter jurisdiction concerns" because "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."  Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003); see Fed. R. Civ. P. 12(h)(3).  As the District Court explained, although Greene cited 42 U.S.C. § 1983 in both of his complaints and mentioned Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., in his second complaint, his claims were plainly "insubstantial on their face" given his underlying allegations and thus could not reach the threshold to trigger federal jurisdiction.  See Lunderstadt v. Colafella, 885 F.2d 66, 69-70 (3d Cir.

4

511 U.S. 375, 377 (1994), and, where applicable, that Greene failed to state a claim upon which relief can be granted, see Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011), for the reasons provided by the District Court. It is apparent from Greene's vague, conclusory, and often incoherent complaints, as well as his subsequent filings in both the District Court and on appeal, that his allegations do not form a basis for any federal claim.[3] See 28 U.S.C. § 1331. There is also no basis for diversity jurisdiction, as Greene is a citizen of Delaware and sued Delaware citizens in both actions. See 28 U.S.C. § 1332; Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is lacking if any plaintiff and any defendant are citizens of the same state.").

Finally, the District Court did not err in dismissing Greene's claims against a series of defendants pursuant to Federal Rule of Civil Procedure 4(m) after providing notice to Greene and correctly concluding that he had failed to properly serve those defendants within the meaning of Rule 4. See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993). Accordingly, we will summarily affirm the District Court's judgments.[4]

---

1989).

[3] Greene did not assert any basis for federal question jurisdiction in his documents on appeal, which reiterate his vague allegations.

[4] To the extent that Greene seeks to appeal the denial of any motions he filed in the District Court, we discern no error in the District Court's decisions. Finally, appellee's motion for leave to be excused from filing a brief in C.A. No. 19-1734 is denied as moot.