**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-2927 and 21-1503 (Consolidated)
_____

GENNARO RAUSO,
                                        Appellant

v.

ANGELA MARTINEZ; MARY MCFALL HOPPER; FEDERAL NATIONAL
MORTGAGE ASSOCIATION; SUNTRUST MORTGAGE, INC.; DITECH
FINANCIAL LLC; GREENTREE CONSUMER DISCOUNT COMPANY;
GREENTREE MORTGAGE SERVICING COMPANY; PHELAN HALLINAN
DIAMOND & JONES LLP; MARK FINLEY; JOSEPH F. FINLEY; JOHN DOE AND
JANE DOE OCCUPANT(S); ALLISON WELLS; JOSEPH E. DEBARBERIE;
GREENTREE SERVICING LLC; DORIAN MOLINO; CORE ABSTRACT; LTS
ACQUISITION COMPANY, LLC; ADAM H. DAVIS, ESQ.; LAUREN R. TABAS,
ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-17-cv-04721)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2022

Before:  MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: October 4, 2022)

_____

OPINION[*]

_____

PER CURIAM

Gennaro Rauso, proceeding pro se, appeals orders of the United States District Court for the Eastern District of Pennsylvania related to an action he filed pursuant to 42 U.S.C. § 1983.  We will affirm the judgment of the District Court.

In 2017, Rauso filed a pro se complaint against financial entities, a law firm, the Delaware County, Pennsylvania Sheriff, and other individuals.  The lawsuit arose from a state court foreclosure action and sheriff's sale of property.  Rauso alleged that the mortgagor transferred his rights and interests to him.  Rauso claimed, among other things, a deprivation of the right to possession and use of the property that was foreclosed.  The District Court granted Rauso several extensions of time to respond to the defendants' motions to dismiss his complaint or to file an amended complaint.

Rauso filed an amended complaint in September 2019, which many of the defendants again moved to dismiss.  The District Court granted Rauso's motion for an extension of time and gave him 60 days, or until December 20, 2019, to respond.  Rauso filed another motion for an extension of time, which related to a motion to dismiss that was not encompassed in the prior order.  After a telephone status conference, the District Court

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ruled that Rauso must respond to all of the pending motions by January 27, 2020. The District Court later granted Rauso's motion for another extension of time and ordered that he respond to the motions by March 27, 2020.

Rauso did not comply and, on April 7, 2020, the District Court granted the defendants' motions to dismiss. It dismissed the amended complaint as to these parties pursuant to Federal Rule of Civil Procedure 41(b) and Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984), for failure to prosecute.

Thereafter, the District Court docketed a motion by Rauso for another extension of time to respond to the defendants' motions to dismiss. Rauso had prepared the motion two days before the expiration of his last extension and the District Court received it after it had dismissed his amended complaint. The District Court denied the motion. It explained that Rauso had already been granted extensions of time, that it had held a telephone status conference to make him aware of the deadlines, and that the motions to dismiss had been pending for over seven months. See Order entered 6/1/20.

On January 22, 2021, the District Court dismissed the amended complaint against the remaining defendants. It explained that five defendants (including two Doe defendants) had not been served and that three defendants could not be sued pursuant to a Bankruptcy Court order. Rauso now appeals the District Court's April 7, 2020, and January 22, 2021, orders and several related orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint pursuant to Rule 41(b) for abuse of discretion. Briscoe v. Klaus, 538 F.3d 252,

3

257 (3d Cir. 2008). We apply the same standard to a dismissal for failure to effectuate service. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).

Rauso argues that we should vacate the April 7, 2020, order dismissing his complaint for failure to prosecute and remand the matter in order to give him an opportunity to be heard. A District Court may dismiss a case sua sponte for failure to prosecute but it should do so cautiously because it may not have all of the facts needed to make an informed decision. Briscoe, 538 F.3d at 258. We have held that, where the District Court does not have the facts necessary to fully analyze the Poulis factors, it must give the plaintiff an opportunity to be heard regarding his failure to comply with its orders. Id. at 264.

The District Court discussed all of the Poulis factors.[1] Significantly, Rauso does not identify on appeal any facts that the District Court lacked when it analyzed these factors. And, while he notes certain relevant legal principles, he does not develop an argument that the District Court erred in its assessment of the Poulis factors. He contends that we should not consider this question. Rauso correctly states that he was not heard before his case was dismissed for failure to prosecute. However, absent any contention that the District Court lacked necessary facts, he has not shown under the circumstances here that the District Court abused its discretion.[2] To the extent Rauso asserts a violation

---

[1] Under Poulis, a district court must consider (1) the extent of the party's personal responsibility; (2) prejudice to the opposing party; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) alternative sanctions; and (6) the meritoriousness of the claim. Poulis, 747 F.2d at 868.

[2] The District Court did not know why Rauso had not complied with its latest order granting

4

of his right to due process, he has not shown a constitutional violation. Rauso was given several extensions of time to respond to the motions to dismiss and he has not advanced any reason why he could not comply with the District Court's last extension.

Rauso also contends that the District Court's orders must be vacated so that the District Court can first determine whether it had subject matter jurisdiction over his action. Jurisdiction, however, must be determined only if a court adjudicates a cause of action on the merits. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007). Rauso has shown no error in this regard. In addition, Rauso asserts that we should stay his appeal so that the District Court can decide if his belatedly-received motion for an extension of time should be deemed filed when he mailed it because he was in prison. This argument lacks merit. The District Court entertained the motion even though it was docketed after the Court dismissed Rauso's complaint.

Regarding the January 22, 2021, order, Rauso argues that the District Court erred in dismissing his case for lack of service pursuant to Federal Rule of Civil Procedure 4(m). He contends that he did not receive notice before the dismissal as required by the rule. And he states that he was entitled to rely on the U.S. Marshals Service to serve his complaint because he was proceeding in forma pauperis.

---

an extension of time to respond to the motions to dismiss. But Rauso only argued in his belatedly-received motion for another extension that the District Court could not rule on the motions to dismiss because some defendants had not been served. The District Court rejected any objection in this regard in its April 7, 2020, order.

Although the U.S. Marshals Service effectuates service for in forma pauperis litigants, Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991), Rauso has not shown that he fulfilled his obligations. The docket reflects that summonses were issued and forwarded to the U.S. Marshals Service for two of these defendants in December 2019 (Dorian Molino and Core Abstract) and for the third in February 2020 (LTS Acquisition Company, LLC). Rauso then moved for an extension of time for service. He stated that the U.S. Marshals Service had not served these defendants. The District Court denied the motion, noting that summonses had been executed. See Order entered 6/1/20.

To the extent the District Court's order suggests that service was made, Rauso does not dispute that these defendants were not served. Rauso, however, does not state that he provided the USM-285 forms necessary to effectuate service. Rauso was aware of his responsibility to complete the forms, which he had supplied for the other defendants, and which require the names and addresses of the defendants to be served. The District Court did not notify Rauso before issuing the January 22, 2021, dismissal order, but he has not shown that there was good cause for the failure to serve them. See Fed. R. Civ. P. 4(m) (stating court must extend time for service where good cause is shown); Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting in forma pauperis plaintiff's responsibility to provide addresses for service).

Rauso also challenges the District Court's January 22, 2021, dismissal of three defendants based on a Bankruptcy Court injunction. In May 2019, DiTech Financial LLC (f/k/a Greentree Servicing LLC f/k/a Greentree Consumer Discount Company) notified the

District Court that it had filed a Chapter 11 bankruptcy petition. DiTech stated that Rauso's action was subject to the automatic stay. DiTech later notified the Court that the Bankruptcy Court had confirmed the Chapter 11 plan and had enjoined certain pending actions, including Rauso's action. See Notices of Bankruptcy Court Orders filed 11/8/19 and 6/8/2020.

Rauso argues that the District Court's dismissal of these defendants based on the injunction violated the automatic stay. However, as Rauso recognizes in his brief, the automatic stay ends when a discharge is granted. 11 U.S.C. § 362(c)(2)(C). The confirmation of a Chapter 11 plan generally discharges the debtor from debts arising before the date of confirmation. See 11 U.S.C. § 1141(d)(1). Here, the order confirming the plan and the injunction were issued before the January 22, 2021, dismissal order. Rauso has not shown a violation of the automatic stay.

Finally, Rauso challenges (1) a September 24, 2020, order, which did not allow him to file a motion to reconsider the April 7, 2020, order; (2) a December 11, 2020, order dismissing his motion for clarification, which sought a certification pursuant to Federal Rule of Civil Procedure 54(b) of the April 7, 2020, order; and (3) a February 18, 2021, order denying his motion to reopen the time to appeal the September 24, 2020, order. Insofar as Rauso's motions related to our jurisdiction to entertain his appeal of the April 7, 2020, or September 24, 2020, orders, we need not consider these orders as we have determined that we have jurisdiction. And no relief is due to the extent Rauso sought to

7

file a motion for reconsideration of the April 7, 2020, order as he was able to challenge that order in this appeal.

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] Rauso's motion filed on January 5, 2021, for an order granting the District Court leave to decide a motion to correct the record, which Rauso contends is necessary to decide jurisdictional issues, and related relief is denied.